UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:19-CV-8752-CAS (MRWx) | Date | July 10, 2020 |
|---|---|---|---|
| Title | C.J., v. BELLFLOWER UNIFIED SCHOOL DISTRICT | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

Not Present    Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (ECF No. 18, filed May 01, 2020)

BELLFLOWER OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS (ECF No. 19, filed June 01, 2020)

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (ECF No. 20, filed June 15, 2020)

## I.  INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

This case arises from a dispute concerning a school district's obligation to provide a free appropriate public education ("FAPE") to one of its students pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA"). Plaintiffs are C.J. and her son N.J., an 11-year-old boy who resides with his parents in the boundaries of the defendant Bellflower Unified School District ("District"). As defined by the IDEA, N.J is a child with disabilities entitled to receive special education and related services sufficient to provide N.J. with a FAPE, as set forth in an individualized education plan ("IEP") developed by N.J.'s family and the District.

In February 2018, the District offered Student an IEP that it believed provided N.J with a FAPE in accordance with the IDEA. See ECF No. 17-4 ("OAH Decision") at 2. N.J and his family disputed the adequacy of the proposed February 2018 IEP. After attempts to resolve the dispute informally failed, on December 10, 2018, the District filed a due

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:19-CV-8752-CAS (MRWx) | Date | July 10, 2020 |
| Title | C.J., v. BELLFLOWER UNIFIED SCHOOL DISTRICT | | |

process hearing request with the Office of Administrative Hearings ("OAH"). Id. The District contended that the proposed February 2018 IEP satisfied the IDEA, and sought an order establishing it as N.J.'s IEP going forward. Id. at 20-21.

To oppose the District's suit, plaintiffs retained attorneys Timothy A. Adams, Philip W. VanAllsburg, and Lauren-Ashely L. Caron from Adams & Associates, APLC ("AAA"). On December 19, 2018, AAA moved to dismiss the action. The OAH Administrative Law Judge ("ALJ") denied that motion on December 31, 2018. AAA filed a second motion to dismiss on February 4, 2019, which the ALJ denied on February 11, 2019. After denying the second motion, the ALJ ordered the matter to proceed to an administrative due process hearing on February 19, 2019. AAA filed a third motion to dismiss, to be argued at the February 19, 2019 hearing, on February 15, 2019.

On the first day of the due process hearing, AAA appeared in court to argue the third motion to dismiss. After hearing argument, the ALJ denied the motion. Following that order, plaintiffs decided not to pursue a defense, and instructed AAA to withdraw as counsel. Although AAA did not ultimately effectuate the withdrawal, the February 19, 2019 administrative trial proceeded without counsel for N.J. present. See id. at 1. Despite the absence of counsel, and despite plaintiffs' decision not to present a defense, the ALJ rendered a decision in favor of plaintiffs on April 15, 2019. See id. The ALJ concluded that the District's failed to carry its burden of persuasion as the moving party that the proposed February 2018 IEP provided N.J. with a FAPE, and denied the District's request for relief on the sole issue presented.

Following the ALJ's order, AAA contacted the District on behalf of plaintiffs and requested $33,489.92 for what they claimed were plaintiffs' reasonable attorneys' fees and costs pursuant to 20 U.S.C § 1415(i)(3). See ECF No. 17-8 ("Letter to District's Counsel") at 1-2. The District rejected that request. See ECF No. 1 ("Compl."). N.J. and his family then filed a complaint in this court on October 11, 2019 to recover the same fees. See id. They filed the instant motion for attorneys' fees on May 1, 2020. See ECF No. 17 ("Mot."). The District filed an opposition on June 1, 2020. See ECF No. 19 ("Opp."). Plaintiffs filed a reply on June 15, 2020. See ECF No. 20 ("Reply").

Having considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | 'O' JS-6 |
|---|---|---|
| Case No. | 2:19-CV-8752-CAS (MRWx) | Date   July 10, 2020 |
| Title | C.J., v. BELLFLOWER UNIFIED SCHOOL DISTRICT | |

## II.  LEGAL STANDARD

Pursuant to the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B).  Congress' intent was to provide parents with disabled children a substantive right that could be enforced through the procedural mechanisms in the IDEA. See Barlow–Gresham Union High Sch. Dist. No. 2 v. Mitchell, 940 F.2d 1280, 1286 (9th Cir. 1991).

To calculate the fee award, the Court determines the number of hours reasonably expended on the litigation, then multiplies that number by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also Aguirre v. Los Angeles Unified Sch. Dist., 461 F.3d 1114, 1121 (9th Cir. 2006) (explaining that "attorney's fees awarded under 20 U.S.C. § 1415 are governed by the standards set forth by the Supreme Court in Hensley and its progeny.").  Attorneys' fees awarded under the IDEA are further governed by the "degree of success" standard, in which a partially prevailing party may not recover fees for unsuccessful claims, and the level of the party's success on the claims it did prevail upon affects the amount of fees that may be awarded. See Aguirre, 461 F. 3d at 1121 (applying analysis used in Hensley, 461 U.S. at 436). Indeed, "the most critical factor is the degree of success obtained." Id. The hourly rate for fees charged "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(c). "It is the fee applicant's burden to produce evidence, other than the declarations of interested counsel, that 'the requested rates are in line with those prevailing in the community.'" Miller ex rel. Miller v. San Mateo-Foster City Unified Sch. Dist., 318 F. Supp. 2d 851, 865 (N.D. Cal. May 24, 2004) (citing Jordan v. Multnomah City., 815 F.2d 1258, 1263 (9th Cir. 1987)).

## III.  DISCUSSION

Plaintiffs contend they are (i) entitled to recover their reasonable attorneys' fees pursuant to 20 U.S.C § 1415(i)(3)(B) as the prevailing party in the OAH proceeding, and that (ii) the fees requested are reasonable.  The court addresses both issues below.

### A.  Student's Entitlement to Relief

The United States Supreme Court has held that a prevailing party for the purpose of awarding attorneys' fees is one who obtains a ruling on the "merits of his claim" that favorably and "materially alters the legal relationship between the parties[.]"  Farrar v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'    JS-6

| Case No. | 2:19-CV-8752-CAS (MRWx) | Date | July 10, 2020 |
|---|---|---|---|
| Title | C.J., v. BELLFLOWER UNIFIED SCHOOL DISTRICT | | |

Hobby, 506 U.S. 103, 111-12 (1992). The Ninth Circuit has determined that this standard applies to the attorneys' fees provision of the IDEA. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69, 374 F.3d 857, 865 (9th Cir. 2004).

Plaintiffs contend that they were the prevailing party in the OAH matter since the ALJ's order established an enforceable alteration of the legal relationship of the parties. The District opposes on grounds that (i) plaintiffs' success was merely "technical" or "de minimis" since the ALJ's decision did not actually alter the parties' legal relationship and only concluded and that the District failed to carry its evidentiary burden, and (ii) that, even if there were a material alteration, the fees requested do not relate to services that proximally caused that alteration.

The Court agrees that plaintiffs are the prevailing parties. Simply put, as a result of the ALJ's decision, N.J. will not be subjected to the IEP that the District insisted upon, and, as a result, the District will be required to fashion a new IEP with plaintiffs to provide N.J. with adequate services and interventions. See 20 U.S.C. § 1414(d)(2)(A) (requiring school districts to have an adequate IEP in place for eligible students at the beginning of each school year); 34 C.F.R. § 300.323(a) (same). That is a "material alteration" to the parties' legal relationship, which, before the administrative process, would have required N.J. to choose between accepting the District's proposed February 2018 IEP, or proceeding under the status quo ante without any IEP at all. By eliminating the District's proposal as a viable alternative, the District is now required to develop and offer a new IEP. See 20 U.S.C. § 1414(d)(2)(A); 34 C.F.R. § 300.323(a) (same).

The fact that this material alteration hinged upon the District's failure to "carry its burden of proof" to support its proposed IEP "in a prove-up setting," Opp. at 5, is not a mere technicality, but the *very reason* the District's position failed on the merits on the single issue presented to the ALJ. Cf. Texas State Teachers Ass'n v. Garland Independent Sch. Dist. 489 U.S. 782, 792 (1989) (holding that a victory on a minor issue might be so insignificant relative to the weight of an entire dispute as to preclude a prevailing party determination solely on that "de minimis" basis). Furthermore, the District's argument that plaintiffs cannot be deemed prevailing parties because AAA did not appear at the OAH hearing, and thus could not have caused that alteration, is also without merit. The test, at this stage of the analysis, is not whether AAA's representation caused the material alteration in the parties' legal relationship, but whether the *litigation* did. See Robinson v. Ariyoshi, 933 F.2d 781, 783 (9th Cir. 1991) (holding that a prevailing party determination for purposes of establishing eligibility for attorneys' fees requires a court to assess the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | 'O' | JS-6 |
|---|---|---|---|
| Case No. | 2:19-CV-8752-CAS (MRWx) | Date | July 10, 2020 |
| Title | C.J., v. BELLFLOWER UNIFIED SCHOOL DISTRICT | | |

"causal relationship between the *litigation brought* and the practical outcome realized") (emphasis added); e.g., Johnson v. Bismarck Pub. Sch. Dist., 949 F.2d 1000, 1003 (8th Cir. 1991) (in IDEA case, the Eighth Circuit analyzed whether there was a "causal relationship between" a benefit obtained in litigation "and the filing of the due process complaint").

The Court therefore concludes that plaintiffs were the prevailing parties in the underlying OAH proceeding before the ALJ, and are entitled to seek their attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(B).

  **B. Amount of Attorneys' Fees to Recover**

The "lodestar method" is used as the "fundamental starting point in determining a reasonable attorneys' fee." Christensen v. Stevedoring Servs. of Am., 557 F.3d 1049, 1053 (9th Cir. 2009)); see also City of Burlington v. Dague, 505 U.S. 557, 562 (1992). Pursuant to that method, courts multiply "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). The Court considers each component in turn.

    **(1) Reasonable Rates**

Under the IDEA, the reasonable hourly rate for attorneys' fees charged "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(c). "District courts may consider the fees awarded by others in the same locality for similar cases." Sam K. ex rel. Diane C. v. Hawaii Dep't of Educ., 788 F.3d 1033, 1041 (9th Cir. 2015) (citing Moreno v. City of Sacramento, 534 F.3d 1106, 1115 (9th Cir. 2008)) (in determining reasonable hourly rates, courts "may permissibly look to the hourly rates charged by comparable attorneys for similar work"). "[T]he established standard for determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Camacho v. Bridgeport Fin. Inc., 523 F.3d 973, 979 (9th Cir. 2008) (citations omitted). "District courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'" Sam K., 788 F.3d at 1041 (quoting Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011)). "It is the fee applicant's burden to produce evidence, other than the declarations of interested counsel, that 'the requested rates are in line with those prevailing in the community.'" Miller, 318 F. Supp. 2d at 865 (citing Jordan, 815 F.2d at 1263). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:19-CV-8752-CAS (MRWx) | Date | July 10, 2020 |
| Title | C.J., v. BELLFLOWER UNIFIED SCHOOL DISTRICT | | |

charged or the facts asserted by the prevailing party in its submitted affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992).

Plaintiffs request attorneys' fees at a rate of $575 per hour for Adams, $475 per hour for VanAllsburg, and $450 per hour for Caron. See Decl. of Timothy A. Adams ("Adams Decl."), ECF No. 17-1; Decl. of Lauren-Ashley L. Caron ("Caron Decl."), ECF No. 17-2; Decl. of Phillip W. VanAllsburg ("VanAllsburg Decl."), ECF No. 17-3. Adams, VanAllsburg, and Caron represent that they are experienced special education attorneys. Adams has practiced for more than 19 years, almost exclusively in special education. VanAllsburg has been practicing special education law for approximately 9 years. And Caron has been practicing special education law for 5.5 years. Plaintiffs also submit declarations from other special education litigators in the community, each of whom states that the rates AAA charged plaintiffs align with the rates that prevail for such services in Southern California. See generally Decl. of Tania L. Whiteleather ("Whiteleather Decl."), ECF No. 17-6; Decl. of Amanda O'Neal ("O'Neal Decl."), ECF No. 17-7.

The District does not attempt to rebut this evidence, but instead asserts that the Court should "disregard" the Whiteleather and O'Neal declarations as "inadmissible hearsay." See Opp. at 6. The unstated contention, it seems, is that plaintiffs cannot carry their burden to establish the reasonableness of their rates in the absence of the inadmissible evidence. Cf. White v. Wachovia Mortg., No. 10-CV-01853-VAP (OPx), 2011 WL 13224814, at *4 (C.D. Cal. Feb. 23, 2011) (fee applicant failed to establish reasonableness of rates because movant failed to provide "evidence beyond the fee applicant's counsel's declaration" to corroborate the requested rates).

The District is mistaken. The Ninth Circuit has repeatedly held that "[a]ttorney affidavits regarding prevailing fees in the community," such as the two submitted here, "are satisfactory evidence of the prevailing market rate." United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990) (declarations from "other attorneys regarding prevailing fees in the community" were admissible to establish "prevailing market rate"); e.g., Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815, 827 (9th Cir. 2009) (finding the declaration of the fee applicant's expert sufficient to establish the prevailing rate in the community); Bouman v. Block, 940 F.2d 1211, 1235 (9th Cir. 1991) (finding "several declarations stating that the rate was the prevailing market rate in the relevant community" sufficient to establish the prevailing rate in the community).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:19-CV-8752-CAS (MRWx) | Date | July 10, 2020 |
| Title | C.J., v. BELLFLOWER UNIFIED SCHOOL DISTRICT | | |

Plaintiffs have accordingly carried their burden of production to set forth evidence that their rates are reasonable. Miller, 318 F. Supp. 2d at 865. Because the District makes no attempt to rebut this evidence, the District fails to carry its "burden of rebuttal," Gates, 987 F.2d at 1397-98, and the Court cannot conclude that the requested rates are not reasonable.

In any case, the Court independently finds that the rates requested are in fact consistent with the prevailing rates in the community for comparable legal services, albeit at the "upper very upper end" for such services. See, e.g., E.S. v. Conejo Valley Unified Sch. Dist., No. 17-CV-02629-SS, 2019 WL 1598756, at *8 (C.D. Cal. Mar. 27, 2019) (attorney with 19 years of special education experience entitled to $600 per hour, but acknowledging that this rate "appears to be at the very upper end of the rates charged in special education cases"); Garvey Sch. Dist. v. V.S., No. 19-CV-01248-CAS (JCx), 2020 WL 208807, at *4 (C.D. Cal. Jan. 13, 2020) (concluding that attorney with 8 years of special education experience entitled to $475 hour, and that attorney with 6 years of special education experience entitled to $400 per hour); M.S. v. Lake Elsinore Unified Sch. Dist., No. 13-CV-01484-CAS (SPx), 2016 WL 183500, at *3 (C.D. Cal. Jan. 13, 2016) (concluding that that $425 per hour was a reasonable rate for a special education attorney with more than 10 years of post-bar experience in 2016). The rates charged by the AAA attorneys in this case are consistent with the determinations in these cases.

For the forgoing reasons, the Court concludes that the requested rates of $575 per hour for Adams, $475 per hour for VanAllsburg, and $450 per hour for Caron are reasonable, and plaintiffs shall be entitled to recover for their attorneys' time at those rates.

### (2) Reasonable Hours

Plaintiffs seek to recover for 69.8 hours of attorney time—only a portion of the attorney time that AAA expended on the matter—and claim that this figure is reasonable. See Mot. at 8. The District contends that the Court should deduct from that figure attorney time expended to (i) oppose the District's proposed IEP prior to the due process litigation before the OAH, (ii) litigate the three unsuccessful motions to dismiss, (iii) attempt to withdraw from the matter, as well as (iv) supposedly redundant time spent by counsel "communicat[ing] with each other" or "performing the same task, such as reviewing a document." See Opp. at 6-8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:19-CV-8752-CAS (MRWx) | Date | July 10, 2020 |
| Title | C.J., v. BELLFLOWER UNIFIED SCHOOL DISTRICT | | |

The Court has reviewed AAA's billing statements in their entirety, and finds that the hours claimed are generally reasonable. Although the Court agrees that it would be improper to award AAA's fees for the 1.4 hours spent attempting to withdraw from this case (time that arguably should not have been charged to plaintiffs in the first place),[1] the remaining 68.4 hours claimed represents less than two weeks of a single attorney's full-time spread across one year. The time entries supporting this revised figure are reasonable, and none of the District's remaining arguments have merit.

First, the District cites no authority to support its assertion that attorneys' fees may not be awarded for work completed prior to the filing of the due process complaint. In fact, "district courts have determined" repeatedly that "time expended prior to the filing of a due process complaint may be recovered under the IDEA." See Wright v. Tehachapi Unified Sch. Dist., No. 16-CV-01214-JLT, 2017 WL 3334015, at *13 (E.D. Cal. Aug. 4, 2017), aff'd 743 F. App'x 125 (9th Cir. 2018) (citing cases); e.g., J.A.A.H. v. Modesto City Sch., No. 08-CV-01465-LJO (DLB), 2009 WL 55951, at *8 (E.D. Cal. Jan. 6, 2009) (concluding that parents in IDEA case were "permitted recovery of [their] attorneys' fees from the start of their engagement"). These decisions are consistent with the Ninth Circuit's determination that "the IDEA authorizes an action . . . to recover attorneys' fees and costs, even if there has been no administrative or judicial proceeding to enforce a student's rights under the IDEA." P.N. v. Seattle School Dist. No. 1, 474 F.3d 1165, 1169 (9th Cir. 2007). The attorney time expended prior to the District's due process action are accordingly recoverable here.

Second, the fact that plaintiffs did not succeed in any of their motions to dismiss does not by itself preclude them from recovering for the time expended litigating those motions. "A prevailing party may recover fees for aspects of the litigation for which it was unsuccessful." L.H. v. Schwarzenegger, 645 F. Supp. 2d 888, 897 (E.D. Cal. 2009). Since each of the three motions attempted to "enforce" N.J.'s "rights under the IDEA," P.N., 474 F.3d at 1169, plaintiffs may recover for the time expended on those motions notwithstanding their lack of initial success. As the Court notes below, however, the lack of success on those repetitive motions, and the fact that litigating those motions comprised

---

[1] The relevant time entries related to the attempted withdrawal include: 0.60 hours at $575 per hour on February 19, 2019, 0.10 hours at $450 per hour on February 20, 2019, and 0.70 hours at $475 per hour on February 19, 2019. See ECF No. 17-5 at 16-17. The sum total of fees requested for this time amounts to $722.50.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:19-CV-8752-CAS (MRWx) | Date | July 10, 2020 |
| Title | C.J., v. BELLFLOWER UNIFIED SCHOOL DISTRICT | | |

a substantial portion of the time spent on this matter, may counsel in a reduction to the lodestar. See Webb v. Sloan, 330 F.3d 1158, 1169 (9th Cir. 2003).

Third, attorney time spent conferencing with co-counsel and reviewing the same materials is not unrecoverable. "[T]he Ninth Circuit has 'recognized that the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort.'" Wright, 2017 WL 3334015, at *13 (quoting McGrath v. County of Nevada, 67 F.3d 248, 256 (9th Cir. 1995)). The supposedly redundant time entries identified by the District simply reflect plaintiffs' decision to retain more than one attorney, and that is not a bar to recovery.

The Court accordingly concludes that 68.4 hours (the plaintiffs' requested 69.8 hours, minus the 1.4 hours related to the withdrawal) is a reasonable number of hours to have expended on this matter.

\*   \*   \*

Having determined that the requested rates and requested hours are reasonable (excluding the 1.4 hours deducted above), the Court finds that plaintiffs' reasonable lodestar is $32,767.42.

But as indicated above, that is not the end of the Court's analysis. A prevailing party who does not win every defense he asserts may have his recoverable attorneys' fees reduced to compensate for the limited success. See Webb, 330 F.3d at 1169. The first step is to consider whether the applicant "failed to prevail on [defenses] that were unrelated to the [defenses] on which he succeeded." Id. (citing Hensley, 461 U.S. at 434). A defense is unrelated if it is "'entirely distinct and separate' from the [defenses] on which the [fee applicant] prevailed." Id. The second step is to consider whether the fee applicant "achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." Id.

Here, plaintiffs' counsel at AAA filed three consecutive but unsuccessful motions to dismiss the District's action as a matter of law. Because plaintiffs prevailed as a result of the District's failure to produce evidence, however, these unmeritorious purely legal defenses were, by definition, "unrelated" to the factual grounds on which plaintiffs actually prevailed. Webb, 330 F.3d at 1169. Considering the amount of time spent litigating these repeated, unsuccessful, and unrelated defenses, the Court finds that some reduction to the lodestar is warranted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:19-CV-8752-CAS (MRWx) | Date | July 10, 2020 | |
| Title | C.J., v. BELLFLOWER UNIFIED SCHOOL DISTRICT | | | |

To do so, the Court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Aguirre, 461 F.3d at 1121 (quoting Hensley, 461 U.S. at 436-37). The Court "necessarily has discretion in making this equitable judgment." Id. Exercising that discretion, and without an ability to conclusively identify the specific hours related exclusively to the motions at issue, the Court concludes that a 15% reduction is appropriate. This reduction yields an attorneys' fee award of $27,852.31, and is consistent with comparable limited success reductions applied within the Ninth Circuit. See, e.g., I.T. ex rel. Renee T. v. Dep't of Educ., Hawaii, 18 F. Supp. 3d 1047, 1063 (D. Haw. 2014), aff'd, 700 F. App'x 596 (9th Cir. 2017) (concluding "that Plaintiff's fee award should be reduced by 20%" for degree of success).

## IV.   CONCLUSION

For the foregoing reasons, plaintiffs' motion for attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(B) is **GRANTED**. The Court awards $27,852.31 in attorneys' fees to plaintiffs, along with $52.42 in costs.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |