UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-CV-8752-CAS (MRWx) | Date | August 21, 2020 |
|---|---|---|---|
| Title | C.J. v. BELLFLOWER UNIFIED SCHOOL DISTRICT | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) – PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (ECF No. 25, filed July 24, 2020)

BELLFLOWER UNIFIED SCHOOL DISTRICT'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS (ECF No. 26, filed AUGUST 03, 2020)

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (ECF No. 27, filed AUGUST 10, 2020)

## I. INTRODUCTION & BACKROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

This is the second request for attorneys' fees in this dispute. See ECF No. 23. For purposes of this "fees on fees" order, the Court provides an abbreviated history of the case; a more detailed history can be found in this Court's July 10, 2020 order. See id.

This case arises from a dispute concerning a school district's obligation to provide a free appropriate public education ("FAPE") to one of its students pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA"). Plaintiffs are C.J. and her 11-year-old son, N.J. N.J. is a child with disabilities entitled to receive special education and related services sufficient to provide him with a FAPE, as set forth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:19-CV-8752-CAS (MRWx) | Date | August 21, 2020 |
| Title | C.J. v. BELLFLOWER UNIFIED SCHOOL DISTRICT | | |

in an individualized education plan ("IEP") developed by N.J.'s family and his school district, defendant Bellflower Unified School District ("District").

N.J.'s family disputed the adequacy of the IEP offered by the District, and on December 10, 2018, the District filed a due process hearing request with the Office of Administrative Hearings ("OAH"). See ECF No. 17-4 at 2. The District's suit sought an order establishing the proposed IEP as N.J.'s IEP. Id. at 20–21. To assist them in opposing the District's suit, plaintiffs retained Adams & Associates, APLC ("AAA"); attorneys Timothy A. Adams, Philip W. VanAllsburg, and Lauren-Ashely L. Caron performed services on plaintiffs' behalf in this matter. The OAH Administrative Law Judge ("ALJ") rendered a decision in favor of plaintiffs on April 15, 2019. See id. at 1.

N.J. and his family then filed a complaint in this Court on October 11, 2019, to recover $33,489.92 for what they claimed were plaintiffs' reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3). See ECF No. 1. On May 1, 2020, plaintiffs' attorneys filed a motion for attorneys' fees ("Original Fees Motion"). See ECF No. 17. On June 1, 2020, the District filed an opposition, see ECF No. 19; and on June 15, 2020, plaintiffs filed a reply, see ECF No. 20. On June 22, 2020, this Court found the motion appropriate for decision without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, vacated the hearing date, and took the matter under submission. See ECF No. 22. On July 10, 2020, the Court granted plaintiffs' Original Fees Motion and awarded $27,852.31 in attorneys' fees, along with $52.42 in costs, constituting 85% of the requested fees and costs. ECF No. 23 at 10.

On July 24, 2020, plaintiffs filed a second motion for attorneys' fees ("Second Fees Motion"), also pursuant to 20 U.S.C. § 1415(i)(3), in an effort to recoup the fees and costs incurred in connection with the filing of the first motion for attorneys' fees. See ECF No. 25. The District filed an opposition on August 3, 2020, see ECF No. 26; and plaintiffs filed a reply on August 10, 2020, see ECF No. 27. On August 19, 2020, the Court took the matter under submission.

Having considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:19-CV-8752-CAS (MRWx) | Date | August 21, 2020 |
| Title | C.J. v. BELLFLOWER UNIFIED SCHOOL DISTRICT | | |

## II. LEGAL STANDARD

Pursuant to the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). Congress' intent was to provide parents with disabled children a substantive right that could be enforced through the procedural mechanisms in the IDEA. See Barlow-Gresham Union High Sch. Dist. No. 2 v. Mitchell, 940 F.2d 1280, 1286 (9th Cir. 1991). "In statutory fee cases, federal courts … have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 981 (9th Cir. 2008) (quotation omitted); see also T.B. v. San Diego Unified Sch. Dist., 293 F. Supp. 3d 1177, 1195 (S.D. Cal. 2018), appeal dismissed, No. 18-55396, 2019 WL 4599820 (9th Cir. July 30, 2019) (observing that "other courts in this Circuit award 'fees on fees' in IDEA cases").

Local Rule 54-7 provides in pertinent part: "Any motion or application for attorneys' fees shall be served and filed within fourteen (14) days after the entry of judgment or other final order, unless otherwise ordered by the Court." Local Rule 54-7. For purposes of calculating the timeliness of motions for fees-on-fees, district courts have held that the original fee order is the triggering event for such timelines. See, e.g., In re Sears, Roebuck & Co. Front-Loading Washer Prod. Liab. Litig., No. 06 C 7023, 2018 WL 3707804, at *3 (N.D. Ill. Aug. 3, 2018).

## III. DISCUSSION

Plaintiffs contend they are (i) entitled to recover their reasonable attorneys' fees pursuant to 20 U.S.C § 1415(i)(3)(B) as the prevailing party on the Original Fees Motion, and that (ii) the fees requested are reasonable. See ECF No. 24. The court addresses both issues below.

### A. Student's Entitlement to Relief

A prevailing party for the purpose of awarding attorneys' fees is one who obtains a ruling on the "merits of his claim" that favorably and "materially alters the legal relationship between the parties[.]" Farrar v. Hobby, 506 U.S. 103, 111–12 (1992). This standard applies to the attorneys' fees provision of the IDEA. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69, 374 F.3d 857, 865 (9th Cir. 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:19-CV-8752-CAS (MRWx) | Date | August 21, 2020 |
|---|---|---|---|
| Title | C.J. v. BELLFLOWER UNIFIED SCHOOL DISTRICT | | |

Plaintiffs contend they were the prevailing party on the underlying motion for attorneys' fees, and now seek an award of fees incurred in obtaining the attorneys' fees awarded in that order. ECF No. 24 at 4. (The District does not contest this point. See ECF No. 26.) It appears, based on In re Sears, No. 06 C 7023, 2018 WL 3707804, that the motion is timely. In any event, the Court exercises its discretion under Local Rule 54-7 to permit plaintiffs to bring this motion. The Court agrees that plaintiffs were the prevailing party, and, accordingly, turns to the amount of compensable attorneys' fees.

### B. Amount of Attorneys' Fees to Recover

The "lodestar method" is used as the "fundamental starting point in determining a reasonable attorneys' fee." Christensen v. Stevedoring Servs. of Am., 557 F.3d 1049, 1053 (9th Cir. 2009); see also City of Burlington v. Dague, 505 U.S. 557, 562 (1992). Pursuant to that method, courts multiply "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). The Court considers each component in turn.

#### (1) Reasonable Rates

The Court previously found the rates requested by plaintiffs ($575 per hour for Mr. Adams, $475 per hour for Mr. VanAllsburg, and $450 per hour for Ms. Caron, ECF No. 24 at 5) to be reasonable in the Court's order dated July 10, 2020, see ECF No. 23 at 7.

#### (2) Reasonable Hours

Plaintiffs seek to recover for 47.5 hours of attorney time, and claim that this figure is reasonable. See ECF No. 24 at 6. The District responds that the amount of time properly charged for the motion should be reduced by four of Mr. VanAllsburg's hours and 3.5 of Mr. Adams' hours, for a total of 7.5 hours. ECF No. 26 at 5. The crux of the District's argument is that AAA assigned too many lawyers to this case, and that time expended by one lawyer reviewing the work of another should be excluded from any award. See id.

Although "the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort," Wright v. Tehachapi Unified Sch. Dist., No. 16-CV-01214-JLT, 2017 WL 3334015, at *13 (E.D. Cal. Aug. 4, 2017), aff'd, 743 F. App'x 125 (9th Cir. 2018) (quotation omitted), in this case, the Court agrees with the District. First, the fact that plaintiffs bifurcated the requests for attorneys' fees undeniably resulted in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-CV-8752-CAS (MRWx) | Date | August 21, 2020 |
| Title | C.J. v. BELLFLOWER UNIFIED SCHOOL DISTRICT | | |

expenditure of unnecessary fees and costs. Second, viewed in terms of the briefing associated with the present motion, it appears the District's evaluation is correct. Accordingly, the Court finds the reasonable hours expended to be 40.

\* \* \*

Applying the rates and hours this Court determined reasonable, outlined above, produces a lodestar of $18,562.50.

However, after calculating the lodestar, the Court must determine whether to adjust the fee award based on (1) the prevailing party's "degree of success," Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); (2) any relevant factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976); or (3) any reductions required by the IDEA itself, see 20 U.S.C. § 1415(i)(3)(F)(i)–(iv).

Here, with regard to the motion for attorneys' fees, plaintiffs achieved complete success in that they prevailed on their single claim, ECF No. 23 at 10; however, the "significance" of the relief (the $27,904.73 recovered) in relation to the $22,776.64 in fees and costs expended in achieving this result, warrants some reduction to the requested fees. The Court finds this reduction is reflected in the reduced number of reasonable hours, addressed above. As to the Kerr factors, the most relevant—namely, the time and labor required, and the amount involved and the results obtained—have been subsumed into the preceding analysis.[1] Finally, none of the reductions enumerated in the IDEA itself warrant additional reduction. See 20 U.S.C. § 1415(i)(3)(F)(i)–(iv).

---

[1] The Kerr factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Kerr, 526 F.2d at 70.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:19-CV-8752-CAS (MRWx) | Date | August 21, 2020 |
|---|---|---|---|
| Title | C.J. v. BELLFLOWER UNIFIED SCHOOL DISTRICT | | |

For these reasons as well as those noted above, the court agrees with defendant and awards plaintiffs $18,562.50.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion for attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(B) is **GRANTED**. The Court awards $18,562.50 in attorneys' fees to plaintiffs, along with $301.64 in costs.

IT IS SO ORDERED.

                                                00 : 00
Initials of Preparer     CMJ